# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TERRY L. BROWN, SR., | No. 46600-7-II |
| Appellant, | |
| v. | |
| JENNIFER A. CRANE, FKA JENNIFER A. BROWN, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, J. — Terry Brown appeals the final child support order from child support modification proceedings initiated by his former spouse, Jennifer Crane. Brown argues, and Crane concedes, that the child support order (1) fails to provide statutorily required deductions to his income for mandatory pension plan payments, mandatory union dues, and state industrial insurance; and (2) fails to include Crane's bonus income as required by statute. Brown also argues that the trial court erred by not providing him with either a whole family deviation or residential credit.

We accept Crane's concessions, and decline to consider whether Brown is entitled to a whole family deviation and residential credit because that determination cannot be made until after the incomes are properly recalculated. Accordingly, we reverse and remand to the trial court with directions to modify the child support order to provide Brown with deductions to his income for mandatory pension plan payments, mandatory union dues, and state industrial insurance; include Crane's bonus income in her gross monthly income; and consider whether

No. 46600-7-II

Brown is entitled to a whole family deviation or residential credit after the incomes are properly recalculated. Finally, we decline to award reasonable attorney fees to Crane.

FACTS

Brown and Crane were married in 1997, had two children, and dissolved their marriage in October 2004.

*2012 Support Order*

The trial court entered a judgment and order of child support in January 2012. The order calculated Brown's net monthly income as $6,456.94. Brown's total income included income from VA disability benefits, base pay from his job as a firefighter, and overtime pay. Brown received income deductions for mandatory pension plan payments, mandatory union dues, and state industrial insurance. Crane's net monthly income was $2,897.52.

Based on those incomes, the 2012 order calculated Brown's standard monthly obligation as $1,502.13, increasing to $1,660.14 on September 1, 2012 when one of the children changed age brackets. But Brown also received a whole family deviation in the amount of $237.36. This deviation lowered his actual monthly obligation to $1,264.77, increasing to $1,386.90 on September 1, 2012.

*2014 Support Adjustment*

Crane filed a motion to adjust child support in May 2014, arguing that Brown's income had increased since he took a second job as his union's vice president for public relations. The court commissioner calculated Brown's net monthly income as $7,586 based on his VA benefits, base firefighter pay, overtime firefighter pay, and union job pay. However, the commissioner

2

did not apply the deductions to Brown's income for mandatory pension plan payments, mandatory union dues, and state industrial insurance.

Using the increased incomes, the commissioner calculated Brown's standard obligation to be $1,847. However, the commissioner gave Brown a deviation of $347, making his actual monthly obligation $1,500.

The commissioner calculated Crane's net monthly income as $3,966. Crane admitted that she had received an employment bonus in each of the previous two years. However, the commissioner declined to include Crane's bonus in the income calculation.

*Brown's Motion for Revision*

Brown filed a motion to revise the adjusted child support. Brown argued that the adjusted child support should be revised to include deductions to his gross monthly income for mandatory pension plan payments, mandatory union dues, and state industrial insurance and that Crane's gross monthly income should include the bonus she had received for the previous two years. Brown also argued that he should receive a whole family deviation or residential credit.

The trial court reviewed the commissioner's order de novo, and denied Brown's motion to revise. The trial court did not award attorney fees to either party.

Brown appeals.

ANALYSIS

A.    STANDARD OF REVIEW

We review a trial court's order of child support for abuse of discretion. *In re Parentage of A.L.*, 185 Wn. App. 225, 238, 340 P.3d 260 (2014). A trial court abuses its discretion when its decision rests on unreasonable or untenable grounds or when its ruling relies on an erroneous

view of the law or incorrect legal analysis. *Id.* at 238-39. We defer to the sound discretion of the trial court unless the trial court abused its discretion. *Id.* at 239.

B.      BROWN MANDATORY DEDUCTIONS

Brown argues, and Crane concedes, that the trial court erred by failing to provide Brown with deductions as required by statute. We accept Crane's concession.

RCW 26.19.071 states the standards for determining income for purposes of calculating child support obligations. RCW 26.19.071(5) specifically deals with deductions and provides in relevant part:

> The following expenses shall be disclosed and deducted from gross monthly income to calculate net monthly income:
>  (a) Federal and state income taxes;
>  (b) Federal insurance contributions act deductions;
>  (c) *Mandatory pension plan payments*;
>  (d) *Mandatory union or professional dues*;
>  (e) *State industrial insurance premiums*.

(Emphasis added.)

As a general rule, we interpret statutory directives using the word "shall" as mandatory or imperative in character. *In re Parentage of K.R.P.*, 160 Wn. App. 215, 223, 247 P.3d 491 (2011). The word "shall," indicates a mandatory action. *In re Marriage of Kim*, 179 Wn. App. 232, 250-51, 317 P.3d 555, *review denied*, 180 Wn.2d 1012 (2014).

Here, RCW 26.19.071(5) states that the listed expenses "shall be disclosed and deducted" from gross monthly income. Because shall indicates a mandatory action, the listed items must be deducted from gross monthly income when calculating net income.

Brown provided the commissioner and the trial court with paystubs showing that he pays mandatory retirement contributions under the LEOFF-II program, mandatory union dues to

Firefighters IAFF Local 726, and state industrial insurance premiums. However, the commissioner improperly failed to deduct those amounts from Brown's gross monthly income, and the trial court improperly failed to revise the commissioner's order. Accordingly, we hold that the trial court erred by failing to deduct the expenses as required by RCW 26.19.071(5).

C.    CRANE BONUS INCOME

Brown argues, and Crane concedes, that the trial court erred by failing to add Crane's bonus income to her gross income as required by statute. We accept Crane's concession.

RCW 26.19.071(3) sets out standards for calculation of income. RCW 26.19.071(3)(r) provides that "monthly gross income shall include income from any source, including . . . [b]onuses." As noted above, the word "shall," indicates a mandatory action. *Kim*, 179 Wn. App. at 250-51. Under RCW 26.19.075(b), the trial court can deviate from the standard income calculation if income is nonrecurring.

Here, Crane admitted that she had received an employment bonus in each of the previous two years. And the commissioner did not find that Crane's bonus income was nonrecurring. Therefore, the trial court improperly failed to revise the commissioner's order. Accordingly, we hold that the trial court erred by failing to include Crane's bonus into her gross monthly income.

D.    BROWN WHOLE FAMILY DEVIATION

Brown argues that the trial court erred when it failed to provide him with a whole family deviation. Crane argues that the trial court did provide Brown with a whole family deviation. We need not address this issue.

RCW 26.19.075(3) provides that the trial court shall enter findings that specify any deviation or any denial of request for deviation from the standard income calculation. However,

the statute also states that "[t]he court shall not consider reasons for deviation until the court determines the standard calculation for each parent."

Here, the parties' standard income must be recalculated to include Brown's deductions and Crane's bonus income. Therefore, we cannot determine whether or not any deviation would be appropriate until the incomes are properly recalculated.

E.      ATTORNEY FEES

Crane requests that we award her attorney fees pursuant to RCW 26.09.140 because she has a need and Brown has the ability to pay. Brown argues that this court should not award Crane attorney fees because Brown is the prevailing party due to Crane's concession, and Crane has the ability to pay without hardship.

RAP 18.1 permits an award of attorney fees on appeal if applicable law permits such award. RCW 26.09.140 grants this court discretion to award attorney fees on appeal after considering the financial resources of both parties. *In re Marriage of Kile & Kendall*, 186 Wn. App. 864, 888, 347 P.3d 894 (2015). In exercising our discretion, we also may consider the arguable merit of the issues on appeal. *In re Marriage of Raskob*, 183 Wn. App. 503, 520, 334 P.3d 30 (2014).

Here, Crane essentially concedes all the issues on appeal. However, in the superior court she advocated for the determinations she now concedes. The result was a meaningless appeal. Under these circumstances, we decline to award reasonable attorney fees to Crane.

We reverse and remand to the trial court with directions to modify the child support order to provide Brown with deductions to his income for mandatory pension plan payments, mandatory union dues, and state industrial insurance; include Crane's

bonus income in her gross monthly income; and consider whether Brown is entitled to a whole family deviation or residential credit after the incomes are properly recalculated. And we decline to award reasonable attorney fees to Crane.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

JOHANSON, C.J.

BJORGEN, J.